IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARDRIAN L. PATTERSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0282-L |
| | § | |
| DALLAS COUNTY JAIL SYSTEM, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Ardrian L. Patterson, an inmate in the Dallas County Jail, against the Dallas County Jail System, the Dallas County Jail Medical Department, and three detention officers.[1] On February 9, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court

---

[1] The only detention officer identified by plaintiff in his complaint is Deputy Jones. However, at the *Spears* hearing, plaintiff indicated that he wanted to join Deputies Hendricks and Godfrey as additional defendants. The court further notes that the Dallas County Jail System and the Dallas County Jail Medical Department are not legal entities subject to suit. *See Morgan v. Dallas Co. Sheriff's Dept.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *1 (N.D. Tex. Jan. 11, 2005), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (Dallas County Jail Medical Staff not proper defendant with jural existence); *Lindley v. Bowles*, 3-02-CV-0595-P, 2002 WL 1315466 at *2 (N.D. Tex. Jun. 12, 2002) (same as to Dallas County Jail).

granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about his claims and the identity of potential defendants. Although plaintiff provided some information in response to the interrogatories, his answers were inconclusive. On March 22, 2007, the court held a *Spears*[2] hearing to investigate the factual basis of the complaint in more detail. Plaintiff appeared at the hearing and testified under oath regarding the claims made the basis of this suit. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

Plaintiff alleges that he has been denied medical care for a broken hand and subjected to unsanitary conditions and abusive treatment while incarcerated in the Dallas County Jail. More particularly, plaintiff claims that he injured his right hand in a fight shortly before his arrest in February 2006. Despite repeated requests for medical treatment over the next 10 months, plaintiff alleges that Deputies Jones, Hendricks, and Godfrey refused to take him to the jail infirmary so his hand could be examined. Plaintiff finally saw a doctor on December 28, 2006. Although his hand was x-rayed and wrapped at that time, plaintiff states that he was never informed of the results of the x-rays and has received no further treatment for his hand. In addition to his medical care claim, plaintiff alleges that the food at the jail is "unclean," that the showers contain mold, and that he developed a staph infection due to unsanitary living conditions. Plaintiff also complains that Deputy Jones refused to give him a sick call request and denied him the opportunity to speak to a supervisor. By this suit, plaintiff seeks $200,000 in damages and immediate release from custody.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or

some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); *see also Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004); *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). The Supreme Court recently clarified that a prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006).

The Dallas County Jail currently provides a two-step procedure for presenting inmate grievances. The first step requires the inmate to submit a grievance to any staff member. After noting the date and time the grievance is received, the staff member delivers the grievance to the on-duty shift supervisor who, in turn, forwards it to the Grievance Board for review. Upon receipt of a written decision from the Grievance Board, the inmate has five days to submit a written appeal to the Inmate Grievance Appeal Board. The Appeal Board reviews all documents submitted in connection with the appeal and issues a decision, which may be reviewed by the Sheriff. An inmate must pursue his grievance at both steps in order to exhaust his administrative remedies. *See Ewing v. Valdez*, No. 3-06-CV-1310-L, 2006 WL 2820090 at *3 (N.D. Tex. Sept. 29, 2006) (citing cases).

At the *Spears* hearing, plaintiff admitted that he did not file any grievances from February 2006 until December 29, 2006 complaining of the denial of medical care with respect to his injured right hand.[3] The December 29 grievance, which was filed the day *after* plaintiff's hand was x-rayed and wrapped by a jail doctor, alleges that Deputy Godfrey refused to take him back to the infirmary. However, plaintiff acknowledges that no Step 2 grievance was filed with respect to that incident.

---

[3] Plaintiff testified that he submitted numerous "kites," or sick call requests, seeking medical treatment for his injured hand. However, a "kite" is not the functional equivalent of a grievance for exhaustion purposes. Unlike a grievance, which is a formal complaint by an inmate to the Grievance Board, a "kite" is merely a request for medical attention. Even if the court treats plaintiff's "kites" as Step 1 grievances, plaintiff admits that never filed a Step 2 grievance with respect to any of his claims.

Nor did plaintiff file any grievances complaining of the unsanitary conditions at the jail or his treatment by Deputy Jones. Because plaintiff has not exhausted his administrative remedies in accordance with the grievance procedures established by the Dallas County Jail, his claims must be dismissed without prejudice. *See Ewing*, 2006 WL 2820090 at *1 (exercising discretion to dismiss *pro se* civil rights complaint without prejudice where inmate failed to exhaust administrative remedies).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 22, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE